IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Toni Boykin, | Civil Action No. 3:23-1234-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Prisma Health, | |
| Defendant. | |

This matter is before the court on Defendant's Motion for Partial Dismissal. ECF No. 5. Defendant argued the following claims should be dismissed: Plaintiff's First Cause of Action for race discrimination arising from harassment/hostile work environment under federal and state law; Plaintiff's Second Cause of Action for retaliation under state law, and Plaintiff's Third Cause of Action for defamation under state law.[1] Plaintiff responded, withdrawing her claims under state law for race discrimination via hostile work environment and retaliation, but opposing dismissal of the defamation claim and the federal claim for race discrimination/hostile work environment. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation ("Report").

On August 8, 2023, the Magistrate Judge issued a Report recommending the Motion for Partial Dismissal be granted. ECF No. 16. The Magistrate Judge advised the parties of the

---

[1] Defendant did not seek dismissal of Plaintiff's federal retaliation claim based on Title VII and 42 U.S.C. § 1981.

procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Neither party has filed objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends dismissal of Plaintiff's state law claims for race discrimination and retaliation, as those claims were withdrawn by Plaintiff in her response to the motion to dismiss. ECF No. 16 at 1 (citing ECF No. 10 at 1). In addition, the Report recommends dismissal of Plaintiff's federal claim for hostile work environment and state-law claim for defamation. Finally, the Report notes Plaintiff made an informal request to amend her Complaint in her response to the motion to dismiss, but did not make a motion to amend or file an amendment as of right as permitted by the Federal Rules of Civil Procedure. *Id.* at 14.

The court has reviewed the record and the Report for clear error and, finding none, agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this order. The claims withdrawn by Plaintiff, for race discrimination/hostile work environment and retaliation under state law, as well as the state claim for defamation and the federal claim for race discrimination/hostile work environment, are dismissed without prejudice. This matter will proceed as to Plaintiff's federal retaliation claim based on Title VII and 42 U.S.C. § 1981, and it is re-referred to the Magistrate Judge for pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 24, 2023